**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1) JADE COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.  22-CV-00391-TCK-JFJ |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| 1) SHANGRI-LA RESORT, LLC, | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW Plaintiff, Jade Collins, through her attorneys of record, and brings this action against Defendant, Shangri-La Resort, LLC, for violations of her constitutionally protected rights arising out of her employment and discharge by said Defendant.

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is a resident of Mayes County, Oklahoma.

2.      Defendant Shangri-La Resort, LLC is headquartered in and regularly conducts business in Delaware County and employs more than fifty (50) employees.

3.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 to secure protection of and to redress deprivations of rights secured by the Family Medical Leave Act (FMLA), 29 U.S.C. §2601, et seq., providing relief against discrimination in employment, retaliation and discharge on the basis of the use of FMLA leave.

4.      The incidents and occurrences that form the basis of Plaintiff's action occurred in Delaware County.

5.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

### FACTS COMMON TO ALL CLAIMS

6.      Plaintiff incorporates the preceding paragraphs as if realleged.

7.      On or about April 2017, Defendant hired Plaintiff as a supervisor in the Housekeeping Department of its hotel.

8.      Plaintiff was subsequently promoted to the Executive Housekeeping Manager, a role in which she managed the entire Housekeeping Department.

9.      At all pertinent times, Plaintiff was a full-time employee working significantly more than 1250 hours/year.

10.     In addition to her supervisory role, Plaintiff was expected to perform duties normally reserved for Human Resources ("HR") employees, as Defendant did not regularly maintain an HR Department.

11.     Plaintiff never received any training, however, in the area of HR.

12.     Throughout Plaintiff's entire tenure with Defendant, she received no discipline in any form and was always an exceptional employee.

13.     Unfortunately, on May 30, 2021, tragedy struck Plaintiff's family.

14.     Plaintiff's late husband, Daniel Collins, was killed in a boating accident in the early morning hours of May 30, 2021 when the boat he was driving crashed into the breakwater near Water's Edge on Grand Lake.

15.     Plaintiff and a few of her friends were passengers on the boat at the time.

16.     Mr. Collins's death left Plaintiff a widow and sole provider for their six children.

17.    The accident caused Plaintiff to suffer from anxiety, depression, and serious Post-Traumatic Stress Disorder ("PTSD").

18.    Plaintiff sought counseling immediately after the accident and is in ongoing treatment for her anxiety, depression, and PTSD.

19.    After Mr. Collins's death, Plaintiff asked for time off to manage the symptoms of her PTSD and anxiety.

20.    Defendant granted Plaintiff 16 consecutive workdays off but failed to inform Plaintiff that she was eligible for FMLA leave due to her PTSD, anxiety, and depression.

21.    In fact, Defendant maintains a policy and practice of not educating its employees about FMLA or even informing its employees that FMLA exists.

22.    Plaintiff returned to work full-time in mid-June 2021.

23.    However, due to her intermittent PTSD symptoms, Plaintiff was forced to periodically miss days of work. Plaintiff always informed the hotel manager, Brett Wisdom, who was also her direct supervisor, when she was going to need to take a day off from work due to her PTSD.

24.    Plaintiff noticed that after she was in the May 30, 2021 boat accident– which required her to use intermittent leave for PTSD, anxiety, and depression – Mr. Wisdom started treating her more disapprovingly for no apparent, work-related reason.

25.    Neither Mr. Wisdom nor anyone else in hotel management ever criticized Plaintiff's job performance, however.

26.    On January 6, 2022, Plaintiff was called into a meeting with Mr. Wisdom and Barry Willingham, the CEO. Mr. Willingham informed Plaintiff that she was terminated, effective immediately.

27.    Plaintiff was given no explanation for why she was terminated.

28.    Plaintiff believes her termination was made out of retaliatory animus due to her use of leave for which she was eligible under the FMLA.

29.    In addition to unlawfully terminating Plaintiff, Defendant also failed to pay her a week's salary which she was owed and failed to pay her for nearly 125 hours of accrued paid time off ("PTO").

## FIRST CLAIM FOR RELIEF
## FMLA RETALIATION AND INTERFERENCE

30.    Plaintiff incorporates as if realleged all preceding paragraphs.

31.    Defendant failed to inform Plaintiff of her rights under the FMLA when it knew that she was eligible and it was obligated to provide Plaintiff with FMLA leave.

32.    Defendant failed to inform Plaintiff that she was eligible for FMLA leave within five (5) business days of her first leave request (following the boating accident on May 30, 2021).

33.    Defendant also failed to inform Plaintiff of her rights and responsibilities under the FMLA.

34.    By interfering with Plaintiff's FMLA rights, failing to provide Plaintiff notice of her FMLA rights, and terminating her for taking intermittent leave protected by the FMLA, the Defendant has interfered with Plaintiff's right to protected leave under the FMLA and retaliated against the Plaintiff in violation of the FMLA, 29 U.S.C. § 2615(a)(1) and (2).

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

    a.    Back pay and lost benefits; front pay until normal retirement

    b.    Liquidated damages for his mental anguish, pain and suffering and other

non-pecuniary losses;

c.  Her attorney fees and the costs and expenses of this action;

d.  Such other relief as the Court deems just and equitable.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorney's fees, injunctive relief, equitable relief, reinstatement, and all other relief deemed appropriate by this Court.

Respectfully submitted,

Daniel E. Smolen (OBA#19943)
**SMOLEN & ROYTMAN**
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)

Mark A. Smith, OBA # 31231
Caruso & Smith, PLLC
P.O. Box 52186
Tulsa, Oklahoma 74152-0186
(918) 583-5900 phone
(918) 583-5902 fax
msmith@carusolawfirm.com

*Attorneys for Plaintiff*